SARAH G. BEANE v. WEIMAN COMPANY, INC., LOUIS J. GALVAN, IN-
DIVIDUALLY, GEORGE FRICELLA, INDIVIDUALLY, AND RICHARD GOD-
DARD, INDIVIDUALLY

No. 6919SC265

(Filed 2 July 1969)

**1. Libel and Slander § 1— slander defined**

Slander is the speaking of base or defamatory words which tend to
prejudice another in his reputation, office, trade, business or means of
livelihood.

**2. Libel and Slander § 1— slander per se and per quod**

Slander *per se* consists of false remarks which in themselves form the
basis of an action for damages, in which case both malice and damage are,
as a matter of law, presumed; slander *per quod* consists of false remarks
which are such as to sustain an action only when causing some special
damage, in which case both the malice and the special damage must be
alleged and proved.

**3. Libel and Slander § 5— slander per se — false accusations to plain-
tiff's employer**

Alleged false accusations by defendants to an official of plaintiff's em-
ployer that plaintiff had called defendants' wives and reported them run-
ning around with other women, and alleged statement by one defendant
that he would not work for the employer as long as plaintiff was employed
there, *are held* not actionable *per se.*

**4. Libel and Slander § 4— slander per quod**

An utterance is actionable only *per quod* where the injurious character
of the words do not appear on their face but only in consequence of ex-
trinsic, explanatory facts showing their injurious effect, in which case the
injurious character of the words and some special damage must be pleaded
and proved.

**5. Libel and Slander § 5— slander per quod — injurious effect —
sufficiency of allegations**

In this action for slander, plaintiff's complaint fails to allege sufficient
facts showing injurious effect of the remarks complained of to render them
actionable *per quod* where it alleges that defendants falsely told an official
of plaintiff's employer that she had called defendants' wives and reported
them running around with other women, that one defendant told the official
that he would not work for the employer as long as plaintiff worked there,
and that plaintiff consequently lost her job and has been unable to obtain
equally satisfactory employment elsewhere.

APPEAL by plaintiff from *Lupton, J.*, at the 6 January 1969 Ses-
sion of RANDOLPH Superior Court.

In her complaint, plaintiff alleged the following: On 3 June 1968,
she was employed by Weiman Company (Weiman) and was called
to the office of defendant Goddard, an official of the company. God-

dard told her he "had no choice but to sever the plaintiff's relations with the Company because Lou Galvan and George Fricella said that the plaintiff had called their wives and reported them running around with other women. Lou Galvan said he would not work with the Company as long as the plaintiff was employed. Therefore, he (Goddard) had no other choice because he had to have a production man." Plaintiff alleged these words were spoken by Galvan and Fricella with malice and for the purpose of harming the plaintiff's reputation and employment. Plaintiff further alleged that Goddard made the same statement to several other named persons in the scope of his employment but with malice and injury to the plaintiff in her occupation.

Defendants demurred, the demurrer was sustained and plaintiff appealed.

*Alston, Pell, Pell & Weston by E. L. Alston, Jr., for plaintiff appellant.*

*Block, Meyland & Lloyd by A. L. Meyland for defendant appellees.*

BRITT, J.

It is noted in the record on appeal and in the briefs that defendant Galvan is variously referred to as Louis J. Galvan, James J. Galvin, Lou Galvin, Lewis J. Galvin, Louis J. Galvin, Galvan, and Galvin; we proceed on the assumption that his correct name is Louis J. Galvan.

The question presented is whether the allegations of the complaint are sufficient to state a cause of action.

[1, 2]    Slander is commonly defined as "the speaking of base or defamatory words which tend to prejudice another in his reputation, office, trade, business, or means of livelihood." 33 Am. Jur., Libel and Slander, § 3, p. 39. 53 C.J.S., Libel and Slander, § 1, p. 33; Black's Law Dictionary, 4th Ed. Slander, as distinguished from libel, may be actionable *per se* or only *per quod.* That is, the false remarks in themselves (*per se*) may form the basis of an action for damages, in which case both malice and damage are, as a matter of law, presumed; or the false utterance may be such as to sustain an action only when causing some special damage (*per quod*), in which case both the malice and the special damage must be alleged and proved. 5 Strong, N.C. Index 2d, Libel and Slander, § 1, pp. 204-205. *Penner v. Elliott,* 225 N.C. 33, 33 S.E. 2d 124.

In *Penner v. Elliott, supra,* the defamatory language complained of was: "J. R. Penner is a man who will not pay his honest debts; that he will not work and is a man that respectable people had best not have anything to do with." In an opinion by Seawell, J., the court said:

> "The policy of the law has much restricted the range of defamatory utterances which are actionable *per se.* Some statutes, with which we are not here concerned, make a limited number of defamations slanderous *per se;* but ordinarily we must look to the history of the subject in the common law, under the guidance of our own decided cases, in order to determine which are of that character. Included amongst them are accusations of crime or offenses involving moral turpitude, defamatory statements about a person with respect to his trade, occupation or business, imputations of having a loathesome disease, and the like. It is sufficient to say that the words alleged of the defendant do not come within any of the categories recognized as actionable *per se;* * * *."

[3]     We hold that the words alleged in the instant case are not actionable *per se.*

[4]     Where the injurious character of the words do not appear on their face as a matter of general acceptance, but only in consequence of extrinsic, explanatory facts showing their injurious effect, such utterance is actionable only *per quod.* Where the words spoken or written are actionable only *per quod,* the injurious character of the words and some special damage must be pleaded and proved. 5 Strong, N.C. Index 2d, Libel and Slander, § 4; *Badame v. Lampke,* 242 N.C. 755, 89 S.E. 2d 466.

[5]     In her complaint, plaintiff alleges as a fact that, for approximately two years prior to the occasion complained of, defendants Galvan and Fricella openly and notoriously associated with women other than their wives; that their wrongful conduct was carried on at Weiman's place of business and in other places in Randolph County. She then alleges on information and belief that some person called the "wife of Galvan and/or Fricella" in Illinois and advised her or them of the improper associations of Galvan and Fricella with "other women"; that said defendants falsely accused plaintiff of being the person who made the telephone call and as the result of said false accusation plaintiff lost her job with Weiman and had been unable to obtain equally satisfactory employment elsewhere. She contends that the false accusation by Galvan and Fricella and repeated by Goddard "was intended to convey and did convey * * *

the impression that the plaintiff was an untrustworthy person, not fit to hold a job of confidence, and the same was calculated to, and did, hold the plaintiff up to public scorn, hatred and ridicule * * *."

We do not think the complaint alleges sufficient facts showing injurious effect of the words complained of to render them actionable *per quod*.

The judgment of the superior court sustaining the demurrer to the complaint is

Affirmed.

MALLARD, C.J. and PARKER, J., concur.