June **DRUMMOND**

v.

**Phillip SPERO and Spero Restaurant Supply, Inc.**

**Civ. A. No. 6388.**

United States District Court,
D. Vermont.

Oct. 12, 1972.

ent law is found at 46 Stat. 26 (1929), as amended 2 U.S.C. § 2a (1958) ; *see generally* Wood v. Broom, 287 U.S. 1, 7, 53 S.Ct. 1, 77 L.Ed. 131 (1932).

David L. Cleary, and Richard E. Davis, Barre, Vt., for plaintiff.

John P. Meaker, Adams & Meaker, Waterbury, Vt., for defendants.

## OPINION AND ORDER

COFFRIN, District Judge.

In her action brought to this court, the plaintiff alleges that the defendants falsely and slanderously accused her of committing the crime of embezzlement. Defendants deny the allegation and with their answer move to dismiss the complaint on the ground that the alleged slander if made was a privileged communication addressed to a prosecuting attorney in connection with an alleged crime committed by the plaintiff. Sub-

sequently, the defendants moved for summary judgment on the ground that the plaintiff has failed to set forth in her complaint *"in haec verba"* the false and slanderous words allegedly uttered by the defendants.

■ The claim of privilege can be waived and under the particular circumstances of a given matter it frequently is. Likewise, the claimed privilege can be a qualified one and as such it is possible for the defendants to exceed the privilege available to them. For these, and similar reasons, the claim of privilege cannot be raised by a motion to dismiss but it is an issue for determination by the jury and should be affirmatively pleaded as a defense. Olan Mills v. Enterprise Pub. Co., 210 F.2d 895 (5th Cir. 1954); 50 Am.Jur. 2d Libel and Slander § 437 (1970). Defendants' motion to dismiss the complaint is hereby denied.

Defendants' motion for summary judgment is based entirely on the sufficiency of the plaintiff's pleadings and whether or not the alleged slanderous words should have been set forth with particularity therein. We believe that the plaintiff should have so pleaded and the slanderous words should have been set out *in haec verba* or at least substantially so in her complaint.[1]

■■ Although this court may not be bound in a matter of pleading as opposed to a matter of substance, by the decision of the Vermont Supreme Court in Smith v. Hollister, 32 Vt. 695 (1860), we nevertheless adopt the ruling expressed therein at page 707 as follows:

A declaration in slander to be good must profess to set forth the very words spoken by the defendant; as it is not enough to allege generally that the defendants charged the plaintiff with a commission of a crime.

In making this determination we are fortified by the decision of the Second Circuit Court of Appeals which held in Foltz v. Moore McCormack Lines, Inc., 189 F.2d 537, 539, cert. denied, 342 U.S. 871, 72 S.Ct. 106, 96 L.Ed. 655 (1951) that the plaintiff in a slander suit must plead *in haec verba* "to enable the court to decide the issues of whether the words as used apply to the plaintiff and tend to degrade him in the eyes of the community." *See also* Simpson v. Oil Transfer Corporation, 75 F.Supp. 819, 822 (N. D.N.Y.1948 [cited with favor in Foltz]); 5 Wright and Miller, Federal Practice and Procedure § 1245 (1969).

In reviewing the deposition of the plaintiff and witness Charles Hirsh offered by the defendants in support of their motion for summary judgment, as well as the plaintiff's pleadings, the court finds no specific language attributable to the defendants nor even an attempt to paraphrase the claimed slanderous words with any degree of particularity. If it appears unduly harsh to require the plaintiff to describe the slanderous words attributed to the defendants substantially *in haec verba,* it should be remembered it would be equally harsh, if not more so, to require the defendants to endeavor to respond to grave accusations in the nature of slander couched only in the most general of terms. The reasons behind the requirement for particular pleading by the plaintiff of alleged slanderous words are aptly stated in Burkett v. United States, 402 F.2d 1002, 1005, 1006, 185 Ct.Cl. 631, (1968) as follows:

A man denounced for making malicious and harmful statements is enti-

---

1. The language employed in plaintiff's complaint with reference to the alleged slander by the defendants is as follows:

(3) IN A CIVIL ACTION, for that:

The defendants, individually and collectively, on or about the 7th day of September, 1971, and at divers other times did speak and utter false, defamatory and slanderous words about the plaintiff in the presence and hearing of other persons.

(4) Said false, defamatory and slanderous words accused the plaintiff of committing the crime of embezzlement.

tled to know whether the so-called false [statements] . . . were mere inquiries . . . or were outright accusations. He likewise has a right to know to whom he is supposed to have made the statements. . . . The defense to the charge—especially as to the elements of malice and intent-to-harm—could easily vary with . . . differences in the nature and circumstances of the challenged "statements". Everything might depend on their phrasing or to whom they were made. . . .

Similarly, it would be important to the [defendant] . . . to know precisely why his words were held to be "malicious" and what injury he was supposed to want to impose. There can be a polar distance, for instance, between words spontaneously uttered in momentary pique, irritation, or pettiness, and a careful long-range plan to harass another by unfounded accusations of serious derelictions.

We are willing to afford the plaintiff the opportunity to amend her complaint or otherwise substantiate her claim by establishing the alleged slanderous words in some appropriate manner if she is able to do so within a reasonable time so that the defendant can plead to, and defend against them. However, we do not wish to hold the matter open indefinitely for this purpose.

■ For the reasons expressed herein, plaintiff is granted twenty days from the date of this order to establish the slanderous words allegedly made by the defendants with particularity in such manner as she deems appropriate and thereafter to request a further hearing by the Court with reference to defendants' motion for summary judgment; upon failure of the plaintiff to meet these requirements at the end of said twenty day period, defendants' motion for summary judgment shall be granted and judgment entered for the defendants on the motion and to recover their costs.