JAMES F. STUTTS v. DUKE POWER COMPANY, a CORPORATION, AND ROBERT ACREE

No. 7926SC1008

(Filed 3 June 1980)

1. **Rules of Civil Procedure § 41.1– voluntary dismissal – new action brought within one year – actions not based on same claim**

   A new action commenced by plaintiff within one year after his voluntary dismissal without prejudice was not based on the same claim as the first

Stutts v. Power Co.

action, and the second action was therefore barred by the statute of limitations, where the gist of plaintiff's first complaint was that because defendant power company filled out plaintiff's discharge slip, stating thereon that plaintiff was discharged for misconduct and a dishonest act, plaintiff was denied unemployment compensation benefits, while plaintiff's second complaint alleged that defendant power company, through its employees and agents, slandered plaintiff.

2. **Libel and Slander § 6– statements made by employee – publication not attributable to employer**

In an action for slander the trial court properly determined that any publication of the alleged defamatory statements by the individual defendant which possibly would bring defendant power company, as employer of the individual defendant, within the statute of limitations was not attributable to defendant power company, since any idle statements made by individual defendant a month to six weeks after plaintiff's discharge were not made within the scope of the individual defendant's employment and, consequently, were not attributable to defendant power company.

3. **Libel and Slander § 5.2– plaintiff called dishonest and unreliable employee – statements not actionable per se**

Alleged false statements made by a defendant calling a plaintiff dishonest or charging that plaintiff was untruthful and an unreliable employee are not actionable per se.

4. **Libel and Slander § 14– slanderous words not alleged verbatim in complaint**

In an action for slander plaintiff's failure to state the defamatory words verbatim in the complaint did not render it fatally defective since the words attributed to defendant must be alleged only substantially or with sufficient particularity to enable the court to determine whether the statement was defamatory.

APPEAL by plaintiff from *Graham, Judge*. Judgment entered 19 July 1979 in Superior Court, MECKLENBURG County. Cross-appeal by defendants. Order entered 17 July 1979. Heard in the Court of Appeals 17 April 1980.

Plaintiff was employed as a plumber and pipe fitter by defendant Duke Power Company at its McGuire Nuclear Construction Project. When plaintiff arrived for work on 1 September 1976, he told a fellow worker that he was sick and asked him to tell plaintiff's foreman or someone in his crew that he would not be at work that day. Defendant Robert Acree, plaintiff's foreman, was not informed that day of plaintiff's absence, and Acree himself was absent the next two workdays. On 8 September Acree questioned plaintiff about his not working one day

during the previous week. Plaintiff replied that he did pick up his "brass" if he indeed worked, and Acree later informed plaintiff that he had the matter "straightened out." Plaintiff, questioned by other superiors over the next two days, told them he was not at work on 1 September. On 10 September Acree told plaintiff, in the company of other workers, "We are fired, both of us, for a dishonest act and falsifying the records." Plaintiff was then terminated by Duke Power.

Plaintiff filed a complaint against Duke Power on 30 November 1976, alleging a wrongful discharge and false, malicious and libelous statements in charging plaintiff with a dishonest act in connection with his work. After Duke Power filed its answer, plaintiff took a voluntary dismissal without prejudice pursuant to N.C.G.S. 1A-1, Rule 41.

Plaintiff subsequently filed the complaint in this action on 22 September 1977. The first claim for relief was based upon allegations of "false, libelous, slanderous and defamatory statements" made by both Duke Power and Robert Acree. The second and alternative claim for relief was based upon allegations of negligence against both defendants. Defendants' subsequent motion for summary judgment as to the second claim was granted, but Judge Grist denied motions for summary judgment on the defamation claim made by both plaintiff and defendants.

A final pretrial conference was held on 16 July 1979, and on 17 July 1979 defendants' motion to dismiss filed pursuant to Rule 12(b) was denied in open court by Judge Graham. Both defendants entered notice of appeal from that ruling. Plaintiff put on evidence at trial, and at the close of plaintiff's evidence both defendants made motions under Rule 50 for a directed verdict. The court granted these motions, and plaintiff appeals from this judgment.

*McConnell, Howard, Pruett & Bragg, by Ellis M. Bragg and Scott MacG. Stevenson, for plaintiff appellant.*

*William I. Ward, Jr. and W. Edward Poe, Jr. for defendant appellee Duke Power Company.*

*Henderson, Henderson & Shuford, by Charles J. Henderson and Robert E. Henderson, for defendant appellee Robert Acree.*

MARTIN (Harry C.), Judge.

Plaintiff's principal argument on appeal is that the trial court improperly entered directed verdicts in defendants' favor. After careful review of the record, we conclude that plaintiff's argument is unpersuasive and that the trial court was correct in its decision.

[1] Counsel for plaintiff and defendants stipulated that Duke Power Company moved for directed verdict upon the ground that the claim of plaintiff as to matters prior to 23 September 1976 is barred by the one-year statute of limitations. The complaint in this action was filed 22 September 1977; it alleges certain defamatory statements made by Duke Power "on or about September 10th, 1976." On its face the complaint reveals that N.C.G.S. 1-54 (3) has not been complied with. Plaintiff, however, argues that his action is salvaged because it was based on the same claim filed originally on 30 November 1976. He cites Rule 41 (a) (1), providing that if an action brought within the applicable statute of limitations is voluntarily dismissed without prejudice, a new action based on the same claim may be commenced within one year of such dismissal.

Whereas plaintiff contends that the two causes of action alleged in the 30 November 1976 and 22 September 1977 complaints are based upon the same claim, Duke Power insists that plaintiff's new action is not based on the same claim as the original. Defendant admits that the alleged slanderous and libelous acts in both complaints "stemmed" from Duke's discharge of plaintiff on 10 September 1976, but notes that "there the similarity ends." We agree with defendant and hold that plaintiff's second complaint did not allege "a new action based on the same claim," required under Rule 41 (a) (1).

The gist of plaintiff's first complaint was that because Duke Power filled out plaintiff's discharge slip, stating thereon "Discharged for misconduct" and "a dishonest act," plaintiff was denied unemployment compensation benefits. This denial set

into motion a chain of events whereby plaintiff was forced to request a hearing before the North Carolina Employment Security Commission, to engage an attorney, and to be present at the hearing where defendant "reasserted the false and libelous allegations against the Plaintiff to the effect that he had been discharged for misconduct and was guilty of a dishonest act." The first action, then, was based upon proceedings before the Employment Security Commission and what was said by defendant in those proceedings. The complaint also alleged a violation of plaintiff's constitutional rights by defendant in its methods of interrogating him before his discharge.

The second complaint focuses on paragraphs 9, 10 and 12:

9. That on or about September 10th, 1976, the Defendant, Duke Power Company through its agents and employees terminated the Plaintiff and entered in his employment record that the reason for his termination was for "dishonest act.— intentionally falsifying records" and "terminated, dishonest act saying that he was on the job when he was absent from work 9-10-76."

10: That in particular the corporate Defendant's agent, the Defendant Robert Acree, made a notation on the corporate Defendant's "Field Termination Notice" that the Plaintiff had been discharged for "dishonest act including falsifying records."

12. That the Defendant, Duke Power Company, through its employees and agents and the Defendant, Robert Acree, have on numerous occasions since on or about September 10th, 1976 told the Plaintiff's fellow workers at the McGuire Nuclear Construction Project and the Plaintiff's prospective employers that the Plaintiff was discharged from his employment with the corporate Defendant because of a dishonest act, saying that he was on the job when he was absent from work, and that said slanderous and defamatory statements are without foundation in truth, and have caused the Plaintiff severe embarrassment, humiliation and pain and suffering, and have severely and permanently impaired the Plaintiff's good reputa-

Stutts v. Power Co.

tion and have seriously and permanently impaired the Plaintiff's ability to obtain other employment.

A comparison of the two complaints reveals, and we so hold, that the new action commenced by plaintiff within one year after his voluntary dismissal without prejudice is not based on the same claim as the first. Therefore, plaintiff's action against Duke Power is barred by the one-year statute of limitations.

[2] The trial court was also correct in its determination that any publication of the alleged defamatory statements by Robert Acree, which possibly would bring Duke Power within the statute of limitations, was not attributable to Duke Power.

Plaintiff introduced testimony by employees of Duke Power that Acree had made slanderous statements about plaintiff on occasions in October or November, 1976. Plaintiff argues that the issue whether Acree was within his scope of employment when he made these statements, thereby making them attributable to Duke Power, is a question of fact for the jury. Defendant counters that Duke Power cannot be held liable, under North Carolina case law, for "idle statements" made by Acree a month to six weeks after plaintiff's discharge and unauthorized by Duke Power.

We think the case of *Strickland v. Kress*, 183 N.C. 534, 112 S.E. 30 (1922), answers this question squarely in defendant's favor. In *Strickland,* the manager of one of the stores of a corporation, after the dismissal of an employee, stated to the employee's husband, within the hearing of other employees, that she had taken company money and lied about it. The trial court as a matter of law set aside a jury verdict against the corporation as to slander. The Supreme Court found no error, on the basis that the facts showed the employee's discharge was a closed incident so far as the manager's official duties were concerned. What was said related to an event that had passed and could not be considered as within the course and scope of the manager's employment. In the case *sub judice,* any remarks made by Acree in the months after plaintiff's discharge were, as a matter of law, not made within Acree's scope of employment and, consequently, not attributable to Duke Power.

The parties also stipulated that defendant Robert Acree, in addition to asserting the same grounds as those asserted by Duke Power, moved for a directed verdict on the grounds that plaintiff made no showing of damages. Plaintiff argues that Acree's slanderous statements were actionable per se, entitling plaintiff to recover without proof of damages. We cannot agree with this argument.

[3] North Carolina cases have held consistently that alleged false statements made by defendants, calling plaintiff "dishonest" or charging that plaintiff was untruthful and an unreliable employee, are not actionable per se. See *Satterfield v. McLellan Stores*, 215 N.C. 582, 2 S.E. 2d 709 (1939); *Ringgold v. Land*, 212 N.C. 369, 193 S.E. 267 (1937). Such false statements may be actionable *per quod;* if so, some special damages must be pleaded and proved. *Ringgold, supra.* In the law of defamation, special damage means pecuniary loss, as distinguished from humiliation. *Williams v. Freight Lines and Willard v. Freight Lines*, 10 N.C. App. 384, 179 S.E. 2d 319 (1971). As we shall discuss later, plaintiff adequately pleaded special damages. He failed, however, to produce any testimony that he suffered pecuniary loss as a result of defendant Acree's statements made to employees of Duke Power after his discharge. Because the record is devoid of evidence of special damages resulting from Acree's statements, it was proper for the court to direct a verdict in Acree's favor.

The trial court admitted into evidence certain exhibits and answers to questions as to Duke Power Company but sustained objections to the admission of this testimony as to Acree. Plaintiff argues that this was error, because the offered testimony and exhibits would have tended to show actual malice on Acree's part. We note that plaintiff inconsistently argues elsewhere that Acree's statements are slanderous per se, thereby presuming malice and dispensing with its proof. Because we have held that plaintiff failed to prove special damages, he would not be aided by the admission of this excluded evidence arguably tending to prove malice. Even assuming that the court erred in excluding this evidence, the error would be harmless.

We turn now to the question raised on defendants' cross-appeal. Should the trial court have granted defendants' motion to dismiss pursuant to Rule 12 (b)? We think the court's refusal to grant this motion was proper.

Defendants contend that plaintiff's complaint was subject to dismissal for three reasons: it contains no allegations of time and place; it fails to state the words of slander or libel allegedly made; and it fails to allege special damages although it appears to allege slander *per quod.*

We think that plaintiff's use of the date "September 10th, 1976" and reference to "numerous occasions since on or about September 10th, 1976" satisfy the time requirement. Similarly, plaintiff's allegation that defendants "told the Plaintiff's fellow workers at the McGuire Nuclear Construction Project," satisfies the place requirement. Rule 9(f) was sufficiently complied with.

Likewise, in paragraphs 15 and 16, plaintiff alleges that he sustained a direct loss of earnings of no less than $13,000 per year and a loss of earnings of not less than $200,000 during his normal work expectancy as a result of defendants' defamatory statements. Surely plaintiff has adequately pleaded special damages.

[4] Our final query is whether plaintiff's failure to state the defamatory words in the complaint renders it fatally defective. Actually, the specific words alleged are stated in paragraphs 9 and 10. In paragraph 12, however, set out in full earlier in this opinion, plaintiff paraphrases defendant Acree's statement.

Defendants cite two North Carolina cases, decided before the new Rules of Civil Procedure took effect in this state, standing for the proposition that the actionable words spoken or written must be alleged. *See Scott v. Veneer Co.,* 240 N.C. 73, 81 S.E. 2d 146 (1954), and *Burns v. Williams,* 88 N.C. 159 (1883). Defendants concede that no court decisions in North Carolina pertaining to the necessity to plead the slanderous words verbatim have been reached since the new rules went into effect, but they point to federal court opinions calling for allegations of

the false words *in haec verba*. We read these cases to require that the words attributed to defendant be alleged "substantially" *in haec verba*, or with sufficient particularity to enable the court to determine whether the statement was defamatory. In *Drummond v. Spero*, 350 F. Supp. 844 (D. Ct. Vt. 1972), the court found neither specific language nor an attempt to paraphrase the claimed slanderous words with any degree of particularity, indicating that a paraphrase could be sufficient. And in *Scott, supra,* the North Carolina Supreme Court pointed out that plaintiff failed to set forth either the exact language or the "substance" of the libelous language. A review of paragraph 12 of the complaint in this action leads us to the conclusion that plaintiff adequately alleged the slanderous statement.

We hold that under the notice theory of pleading, plaintiff's statement of a defamation claim was adequate. The trial court properly refused to grant defendants' motion to dismiss.

Affirmed as to appellant and cross-appellants.

Judges VAUGHN and CLARK concur.