THERESA McCRANEY v. MICHAEL FLANAGAN AND RED SPRINGS
MOTORS, INC.

No. 7916SC1171

(Filed 1 July 1980)

**Assault and Battery § 3.1; Seduction § 3—willing plaintiff—insufficient evidence of
assault or seduction**

Summary judgment was appropriate in an action to recover for sexual
assault or seduction where the evidence tended to show that plaintiff will-
ingly went to a field with defendant, willingly drank two alcoholic bever-
ages, remembered nothing until she found herself back in town, but subse-
quently discovered that she had had intercourse, since there was no evi-
dence that plaintiff feared or even knew that harmful or offensive contact
might occur, which was required to show an assault, and since there was no
evidence that defendant deceived or enticed plaintiff in any way, which was
required to show seduction.

APPEAL by plaintiff from *Farmer, Judge.* Judgment entered
27 August 1979 in Superior Court, ROBESON County. Heard in
the Court of Appeals 20 May 1980.

Plaintiff alleges that defendant Flanagan, acting within
the scope of his employment by the corporate defendant,
assaulted her sexually or seduced her, and she seeks to recover
damages. Defendants moved for summary judgment, which
was granted, and plaintiff appeals from the grant of defendant
Flanagan's motion.

*James R. Nance, Jr., for plaintiff appellant.*

*I. Murchison Biggs for defendant appellee.*

ARNOLD, Judge.

Plaintiff argues that summary judgment was not appropri-
ate in this case. We find, however, that no genuine issue of
material fact exists, *see* G.S. 1A-1, Rule 56(c), and that summary
judgment for defendant was proper.

It is undisputed that on the morning of 2 June 1977 the
parties agreed to "go somewhere" together, and that they went

in defendant's car to a dirt road in a field. Each of them had two drinks of Crown Royal mixed with Coca-Cola. Plaintiff testified on deposition that she took one swallow out of a third drink, and that after that she remembered nothing until she found herself back in town. A subsequent examination by a doctor showed evidence of sperm in plaintiff's vagina, a blood alcohol content of .08 per cent, and no evidence of drugs in her system. Defendant testified on deposition that after reaching the field the parties talked for a while, began kissing, and eventually had intercourse.

This evidence raises no issue of fact as to whether plaintiff was either assaulted or seduced, as she alleges. Plaintiff testified that she has no recollection that defendant ever kissed her, embraced her or had intercourse with her, and that she "had no reason to ask [him] not to touch me because he never tried." The tort of assault occurs when a person is put in apprehension of a harmful or offensive contact, Prosser, Handbook of the Law of Torts § 10 (4th ed. 1971), and there is no evidence here that plaintiff feared, or even knew, that such a contact might occur. She has no recollection at all of the events. "Since the interest involved is the mental one of apprehension of contact, it should follow that the plaintiff must be aware of the defendant's act at the time . . . ." *Id.* at 38-39.

With regard to the tort of seduction, the law is that "the mere proof of intercourse, and no more, is not sufficient to warrant recovery." *Hutchins v. Day*, 269 N.C. 607, 609, 153 S.E. 2d 132, 133 (1967). Plaintiff needed to show "deception, enticement, or other artifice," *id.*, 153 S.E. 2d 134, and she did not do so. The evidence is that she went willingly with defendant to park in the field, willingly drank two alcoholic drinks, and later discovered she had had intercourse. There is no evidence that defendant enticed or deceived her in any way.

Affirmed.

Judges MARTIN (Robert M.) and HILL concur.