HARRIET LEE MORROW, APPELLANT v. KINGS DEPARTMENT STORES, INC., AND BURNS INTERNATIONAL SECURITY SERVICES, INC., APPELLEES

No. 8115SC643

(Filed 4 May 1982)

1. **Rules of Civil Procedure §§ 8.1, 12— dismissal of less than all claims in complaint**
    Under G.S. 1A-1, Rule 8(e)(2) and 12(b), dismissal of some claims in a complaint does not require dismissal of them all.

2. **Trover and Conversion § 4— recovery for emotional distress—aggravating circumstances necessary**
    Plaintiff could not recover for mental anguish in connection with an action for conversion of personal property where her complaint neither contained nor implied allegations of malice, wantonness, or other aggravating circumstances.

3. **Assault and Battery § 1— failure to allege facts sufficient to constitute an assault**
    The bare allegation that defendant's agent stopped plaintiff and removed a shirt from her shopping bag does not allege an offensive and nonconsensual contact or an apprehension thereof sufficient to allege a claim for damages for emotional distress as a result of an assault or a battery.

**4. Libel and Slander § 1— failure to state sufficient claim for slander**

Where plaintiff alleged that defendant's agent stopped plaintiff and, in the presence of onlookers, removed a shirt from her shopping bag, she failed to allege a claim for damages for emotional distress as a result of slander. Absent allegations of defamatory matter which is actionable *per se*, the injurious character of the matter, and special damages deriving therefrom, must be alleged, and no such allegations appeared in her complaint.

**5. Damages § 3.4— damages for intentional infliction of emotional distress—inadequate claim**

Where plaintiff alleged that defendant's agent stopped plaintiff and removed a shirt from her shopping bag, and that she suffered severe emotional distress and great embarrassment because of the agent's actions, her allegations were insufficient to state a claim for damages for intentional infliction of emotional distress.

**6. Privacy § 1— invasion of privacy—failure to state claim**

Where plaintiff alleged that defendant's agent removed a shirt from a bag of items which she had just purchased, she failed to allege facts sufficient to support a claim for damages for emotional distress as a result of invasion of privacy.

**7. Damages § 11.2— conversion—punitive damages inappropriate**

The trial court did not err in dismissing plaintiff's prayer for punitive damages while finding that her complaint stated a claim for conversion since the complaint was devoid of allegations of aggravating circumstances and conversion is not a tort which by its very nature contains elements of aggravation.

APPEAL by plaintiff from *Martin, Judge.* Order entered 29 April 1981 in Superior Court, ORANGE County. Heard in the Court of Appeals 12 February 1982.

*Graham & Cheshire, by Lucius M. Cheshire and D. Michael Parker, for plaintiff appellant.*

*Johnson, Patterson, Dilthey & Clay, by Robert W. Sumner, for defendant appellee, Kings Department Stores, Inc.*

*Young, Moore, Henderson & Alvis, by Beth R. Fleishman and Robert C. Paschal, for defendant appellee, Burns International Security Services, Inc.*

WHICHARD, Judge.

I.

Plaintiff sought compensatory and punitive damages from defendants on the basis of the following allegations:

4.

That on or about May 3, 1980, plaintiff entered the Kings Department Store located on Hillsborough Road, Durham, North Carolina. Plaintiff purchased several items from said department store, including two shirts, a pair of shoes and a housecoat. After paying for said items, plaintiff proceeded to leave said department store. Upon approaching the exit door, plaintiff was stopped by a man dressed in the uniform of a security guard. Said man removed a shirt from the bag being carried by the plaintiff which contained the items plaintiff had purchased from said department store.

5.

Plaintiff is informed and believes, and upon such information and belief alleges that the man who removed the shirt from the bag being carried by the plaintiff as alleged above was an employee of defendant, Burns International Security Services, Inc.

6.

That plaintiff is informed and believes, and upon such information and belief alleges that at the time the acts complained of above occurred, the man who stopped the plaintiff and removed the shirt from her bag was acting as an agent of and under the supervision and control of the defendant, Kings Department Store, Inc.

7.

That as a result of the acts complained of above, plaintiff suffered severe emotional distress and great embarrassment in that the acts complained of above occurred before numerous onlookers, including a friend of the plaintiff's.

8.

That plaintiff never recovered the shirt taken from her by the man dressed as a security guard as alleged above.

Defendants moved to dismiss under G.S. 1A-1, Rule 12(b)(6), for failure to state a claim upon which relief can be granted. The trial court ruled that the complaint stated a claim "for conversion of one shirt," but failed to state a claim "for severe emotional

distress and great embarrassment" or for punitive damages. It ordered "that the . . . prayer for punitive damages and damages for severe emotional distress and great embarrassment be dismissed."

Plaintiff appeals, and we affirm.

## II.

[1] Plaintiff contends G.S. 1A-1, Rule 12(b)(6), does not allow dismissal of some claims if other claims in the complaint are not similarly subject to dismissal. The contention is without merit. A party may state in one pleading "as many separate claims . . . as he has . . . ." G.S. 1A-1, Rule 8(e)(2). G.S. 1A-1, Rule 12(b), permits assertion by motion of a defense to "*a claim* for relief in any pleading." (Emphasis supplied.) It does not require that the assertion be to "*the claims* for relief." It appears the clear intent of the rule to permit dismissal of some claims without requiring dismissal of all. Our Supreme Court implicitly approved such partial dismissals in *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979), and *Newton v. Insurance Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976).

## III.

Plaintiff further contends her complaint suffices to allow recovery for emotional distress under one or more of the following "legal theories": assault, battery, slander, intentional infliction of mental suffering, and invasion of privacy. The contention requires examination of the complaint in light of the standard for determining a Rule 12(b)(6) motion to dismiss for failure to state a claim.

Our Supreme Court has stated:

" 'A [complaint] may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or a fact sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim,' [b]ut a complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*" *Sutton v. Duke*, 277 N.C. 94, [102-03], 176 S.E. 2d 161, 166

(1970), *quoting* Moore, Federal Practice, § 12.08 (1968). (Emphasis original.)

*Snyder v. Freeman*, 300 N.C. 204, 208-09, 266 S.E. 2d 593, 597 (1980). *See also Presnell v. Pell*, 298 N.C. 715, 719, 260 S.E. 2d 611, 613 (1979); *Advertising Co. v. City of Charlotte*, 50 N.C. App. 150, 152, 272 S.E. 2d 920, 922 (1980); *Cassels v. Motor Co.*, 10 N.C. App. 51, 55, 178 S.E. 2d 12, 15 (1970). "[D]espite the liberal nature of the concept of notice pleading, [however,] a complaint must nonetheless state enough to give the substantive elements of at least some legally recognized claim or it is subject to dismissal under Rule 12(b)(6)." *Stanback v. Stanback*, 297 N.C. 181, 204, 254 S.E. 2d 611, 626 (1979), *citing Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). *Accord, RGK, Inc. v. Guaranty Co.*, 292 N.C. 668, 674-75, 235 S.E. 2d 234, 238 (1977). "A claim for relief must still satisfy the requirements of the substantive laws which gave rise to the pleadings, and no amount of liberalization should seduce the pleader into failing to state enough to give the substantive elements of his claim." *Leasing Corp. v. Miller*, 45 N.C. App. 400, 405, 263 S.E. 2d 313, 317, *disc. review denied*, 300 N.C. 374, 267 S.E. 2d 685 (1980). While an incorrect choice of theory should not result in dismissal of the claim, the allegations must suffice to state a claim under some legal theory. *Stanback*, 297 N.C. at 202, 254 S.E. 2d at 625.

The essential allegations of the complaint here were as follows: Plaintiff purchased several items from defendant Stores. As she was departing the store following payment for these items, she was detained by a uniformed security guard, an employee of defendant Security Services acting as an agent of defendant Stores. The guard, in the presence of "numerous onlookers," including a friend of plaintiff's, removed a shirt from the bag in which plaintiff was carrying the items purchased. Plaintiff, as a result, suffered severe emotional distress and great embarrassment.

[2] The trial court ruled that the complaint stated a claim for conversion. Defendants did not cross appeal from that ruling, and it thus is not before us. For purposes of this appeal we assume the complaint suffices to state a claim for conversion; and although plaintiff makes no argument in this regard, we consider whether plaintiff can recover for emotional distress in an action

for conversion. If so, the trial court erred in dismissing her prayer for damages therefor insofar as it related to the conversion claim.

> The observation is frequently made that damages for mental suffering may be recovered parasitic to a cause of action in tort that exists independently of the mental harm. Yet, neither the rule nor the extent of its application is clearly stated in the cases. The rule is usually applied in cases in which an invasion of the person, reputation or other dignitary interest has occurred. In these cases recovery extends to any mental harm reasonably related to the defendant's conduct. . . .

> The greatest uncertainty in North Carolina and elsewhere in relation to application of the parasitic damages rule arises in connection with actions that primarily involve invasions of property interests. In many of the cases upholding recovery in such actions from other jurisdictions, the defendant's conduct has involved a significant element of abuse, threat or intimidation. Courts have characterized this conduct as wilfull or malicious and on that basis have allowed recovery for emotional distress. When an element of aggravation is not present, broad generalizations about the law in other jurisdictions become difficult.

Byrd, *Recovery for Mental Anguish in North Carolina*, 58 N.C.L. Rev. 435, 443-44 (1980). Cases involving recovery for mental anguish in connection with an action for conversion of personal property are collected in Annot., 28 A.L.R. 2d 1070, § 7 (1953). Several jurisdictions allow such recovery, especially when the conversion involves malice or insult.

It appears that absent malice, wantonness, or other aggravating circumstances, this jurisdiction does not allow recovery for mental anguish in such actions. *Chappell v. Ellis*, 123 N.C. 259, 31 S.E. 709 (1898), though of great age, is controlling. The court there, in an action to recover damages for the unlawful seizure and detention of personal property, granted defendants a new trial because of admission of evidence tending to show plaintiff's mental suffering "disconnected with any allegation of malice or wantonness on the part of the defendants." *Id.* at 264, 31 S.E. at 711. The court stated: "The doctrine of mental suffering or 'men-

tal anguish,' . . . contemplates purely compensatory damages, and, as far as we are aware, has never been applied to cases like that at bar." *Id.* at 261, 31 S.E. at 710.

The complaint here neither contains nor implies allegations of malice, wantonness, or other aggravating circumstances. It thus fails "to state enough to give the substantive elements of [a] claim" for recovery for emotional distress grounded on an alleged act of conversion, *Leasing Corp.*, 45 N.C. App. at 405, 263 S.E. 2d at 317; and the court did not err in dismissing the prayer for damages for emotional distress insofar as it related to the conversion claim.

Plaintiff's contention that the complaint suffices to allow recovery for emotional distress under the "legal theories" of assault, battery, slander, intentional infliction of mental suffering, and invasion of privacy, necessitates examination of "the requirements of the substantive laws" relating to those torts. *Leasing Corp.*, 45 N.C. App. at 405, 263 S.E. 2d at 317. That examination reveals the following:

### Assault and Battery

[3] "An assault is an offer to show violence to a person without actually striking him, and a battery is the actual infliction of the blow without the consent of the person who receives it." *Shugar v. Guill*, 51 N.C. App. 466, 475, 277 S.E. 2d 126, 133 (1981), *citing Hayes v. Lancaster*, 200 N.C. 293, 156 S.E. 530 (1931). "The interest in freedom from apprehension of a harmful or offensive contact with the person is protected by the action for assault. The interest in freedom from intentional and unpermitted contacts with the plaintiff's person is protected by the action for battery." *McCracken v. Sloan*, 40 N.C. App. 214, 216, 252 S.E. 2d 250, 252 (1979). The gist of an action for assault is apprehension of harmful or offensive contact. *McCraney v. Flanagan*, 47 N.C. App. 498, 267 S.E. 2d 404 (1980). The gist of an action for battery is "the absence of consent to the contact on the part of the plaintiff." *McCracken*, 40 N.C. App. at 216-17, 252 S.E. 2d at 252.

Plaintiff contends the contact required for a battery need not be to the body, but may be to anything connected with the person. *See* 6A CJS, Assault and Battery § 8 (1975 & Supp. 1981). An offensive and nonconsensual contact is nevertheless prerequisite

to an action for battery, and apprehension of such contact is prerequisite to an action for assault. The bare allegation that defendants' agent stopped plaintiff and removed a shirt from her shopping bag does not allege such contact or apprehension thereof.

The complaint thus fails to "satisfy the requirements of the substantive laws" as to assault and battery, and "[i]t leaves to conjecture that which must be stated." *Leasing Corp.*, 45 N.C. App. at 405-06, 263 S.E. 2d at 317. It fails, then, to allege a claim for damages for emotional distress as a result of an assault or a battery.

## Slander

[4]    Slander is the speaking of base or defamatory words which tend to prejudice another in his reputation, office, trade, business, or means of livelihood. *Beane v. Weiman Co., Inc.*, 5 N.C. App. 276, 277, 168 S.E. 2d 236, 237 (1969). A defamatory statement, to be actionable, must be false, *Parker v. Edwards*, 222 N.C. 75, 78, 21 S.E. 2d 876, 879 (1942), and must be communicated to some person or persons other than the person defamed, *Taylor v. Bakery*, 234 N.C. 660, 662, 68 S.E. 2d 313, 314 (1951), *overruled on other grounds, Hinson v. Dawson*, 244 N.C. 23, 92 S.E. 2d 393 (1956).

Slander may be actionable *per se* or only *per quod*.

That is, the false remarks in themselves (*per se*) may form the basis of an action for damages, in which case both malice and damage are, as a matter of law, presumed; or the false utterance may be such as to sustain an action only when causing some special damage (*per quod*), in which case both the malice and the special damage must be alleged and proved. (Citations omitted.)

.  .  .  .

Where the injurious character of the words do not appear on their face as a matter of general acceptance, but only in consequence of extrinsic, explanatory facts showing their injurious effect, such utterance is actionable only *per quod*. Where the words spoken or written are actionable only *per quod*, the injurious character of the words and some special damage must be pleaded and proved. (Citations omitted.)

*Beane,* 5 N.C. App. at 277-78, 168 S.E. 2d at 237-38. The words attributed to defendant must be alleged " 'substantially' *in haec verba,* or with sufficient particularity to enable the court to determine whether the statement was defamatory." *Stutts v. Power Co.,* 47 N.C. App. 76, 84, 266 S.E. 2d 861, 866 (1980).

Plaintiff has not alleged any words spoken by defendants' agent. She argues, though, that acts alone, without words, may constitute slander, *see* Annot., 71 A.L.R. 2d 808 §§ 4-5, and that the acts of defendants' agent were in effect an accusation of theft. Assuming, *arguendo,* that in this jurisdiction acts alone may constitute slander, the complaint here nevertheless fails to state a claim on that theory in that the allegedly defamatory acts have not been set forth "with sufficient particularity to enable the court to determine whether the acts were defamatory." *Stutts,* 47 N.C. App. at 84, 266 S.E. 2d at 866.

Plaintiff simply alleges that defendants' agent, in the presence of onlookers, took and retained the shirt. This allegation is wholly consistent with interpretations other than an accusation of theft — *e.g.,* that the shirt was, and was understood to have been, placed in plaintiff's bag by mistake. It is thus impossible to deduce from the allegations that the acts of defendants' agent were "as a matter of general acceptance" so injurious to plaintiff as to be actionable *per se.* Absent allegations of defamatory matter which is actionable *per se,* the injurious character of the matter, and special damages deriving therefrom, must be alleged. *Beane,* 5 N.C. App. at 277-78, 168 S.E. 2d at 237-38. No such allegations appear.

The complaint thus fails to "satisfy the requirements of the substantive laws" as to slander and "leaves to conjecture that which must be stated." *Leasing Corp.,* 45 N.C. App. at 405-06, 263 S.E. 2d at 317. It fails, then, to allege a claim for damages for emotional distress as a result of slander.

### Intentional Infliction of Mental Suffering

[5] This jurisdiction recognizes "a claim for what has become essentially the tort of intentional infliction of serious emotional distress." *Stanback v. Stanback,* 297 N.C. 181, 196, 254 S.E. 2d 611, 621-22 (1979). "[L]iability arises under this tort when a defendant's 'conduct exceeds all bounds usually tolerated by decent

society' and the conduct 'causes mental distress of a very serious kind.' " *Id.* at 196, 254 S.E. 2d at 622. *See also* Byrd, *supra*, at 461-63.

Our Supreme Court held the complaint in *Stanback* sufficient to state a claim for this tort even though plaintiff cast her allegations in terms of breach of contract. *Stanback*, 297 N.C. at 198, 254 S.E. 2d at 623. Plaintiff there alleged that defendant's conduct in breaching a contract (separation agreement) was wilful, malicious, calculated, deliberate, and purposeful; that defendant acted recklessly and irresponsibly with full knowledge of the consequences which would result; and that plaintiff suffered great mental anguish and anxiety as a result of the breach. *Id.* at 198, 254 S.E. 2d at 622-23.

Here, by contrast, no such allegations appear. Plaintiff alleged only that she suffered severe emotional distress and great embarrassment. She alleged nothing regarding the intent of defendants' agent or his knowledge of consequences resultant upon his conduct.

Absent such allegations, the complaint fails to "satisfy the requirements of the substantive laws" as to intentional infliction of emotional distress, and "leaves to conjecture that which must be stated." *Leasing Corp.*, 45 N.C. App. at 405-06, 263 S.E. 2d at 317. It fails, then, to allege a claim for damages for intentional infliction of emotional distress.

### Invasion of Privacy

[6] "North Carolina has recognized, as have most states, a cause of action for an invasion of an individual's right of privacy, and has recognized in such instances a right to nominal damages where special damages cannot be shown." *Barr v. Telephone Co.*, 13 N.C. App. 388, 392, 185 S.E. 2d 714, 717 (1972), *citing Flake v. News Co.*, 212 N.C. 780, 195 S.E. 55 (1938). "The question of the existence of this right is a relatively new field in legal jurisprudence. In respect to it the courts are plowing new ground and before the field is fully developed unquestionably perplexing and harassing stumps and runners will be encountered." *Flake*, 212 N.C. at 790, 195 S.E. at 62-63.

We plow new ground in this case, in that our courts have not held a fact situation such as that here to constitute the tort of in-

vasion of privacy. *Flake* and *Barr* are the only North Carolina decisions holding certain acts to constitute that tort. The pertinent facts in those cases were unauthorized use of plaintiff's photograph in a newspaper advertisement (*Flake*) and publication over plaintiff's name of a picture of someone other than plaintiff (*Barr*).

While other states have recognized an action for invasion of privacy based on an illegal search by a private individual, *see Sutherland v. Kroger Co.*, 144 W.Va. 673, 684, 110 S.E. 2d 716, 723-24 (1959); *Bennett v. Norban*, 396 Pa. 94, 98-100, 151 A. 2d 476, 478-79 (1959), North Carolina has not. It has, by statute, given merchants who, upon probable cause, detain suspected shoplifters, immunity from certain designated tort actions. G.S. 14-72.1(c); *see generally* 50 N.C.L. Rev. 188 (1971). Invasion of privacy, however, is not among them.

Assuming, *arguendo*, that an illegal search by a private individual may constitute an invasion of privacy in this jurisdiction, the complaint here is nevertheless fatally deficient. It makes the bare allegation that defendants' agent took a shirt from plaintiff. It does not allege that the shirt was taken pursuant to a search, illegal or otherwise. It does not allege that the shirt taken was one of those plaintiff had purchased or that it was otherwise rightfully possessed by plaintiff. It does not so much as allege that the shirt was taken wrongfully or without consent.

Under these circumstances, even absent controlling precedent, we have no difficulty in holding that the complaint fails to "satisfy the requirements of the substantive laws" as to the tort of invasion of privacy and "leaves to conjecture that which must be stated." *Leasing Corp.*, 45 N.C. App. at 405-06, 263 S.E. 2d at 317. It fails, then, to allege a claim for damages for emotional distress as a result of invasion of privacy.

IV.

[7] Plaintiff finally contends the court erred in dismissing her prayer for punitive damages while finding that the complaint stated a claim for conversion, in that she may be entitled to punitive damages on the conversion claim. We find no error.

> Even where sufficient facts are alleged to make out an identifiable tort, . . . , tortious conduct must be accompanied

by or partake of some element of aggravation before punitive damages will be allowed. (Citations omitted.) Such aggravated conduct was early defined to include "fraud, malice, such a degree of negligence as indicates a reckless indifference to consequences, oppression, insult, rudeness, caprice, wilfullness . . . ." (Citation omitted.)

The aggravated conduct which supports an award for punitive damages when an identifiable tort is alleged may be established by allegations of behavior extrinsic to the tort itself, as in slander cases. (Citations omitted.) Or it may be established by allegations sufficient to allege a tort where that tort, *by its very nature*, encompasses any of the elements of aggravation. Such a tort is fraud, since fraud is, itself, one of the elements of aggravation which will permit punitive damages to be awarded.

*Newton*, 291 N.C. at 112, 229 S.E. 2d at 301. When a plaintiff "alleges torts other than those excepted in *Newton*," *i.e.*, those "other than fraud or torts that, by their very nature, encompass any of the elements of aggravation," the complaint "must allege sufficient facts to place his opponent on notice of the aggravating factors extrinsic to the tort itself from which he derives his claim for punitive damages." *Shugar*, 51 N.C. App. at 475, 277 S.E. 2d at 133.

Conversion is not a tort which by its very nature contains elements of aggravation. *See Gallimore v. Sink*, 27 N.C. App. 65, 67, 218 S.E. 2d 181, 183 (1975). The complaint is devoid of allegations of aggravating circumstances. No claim has been stated, then, entitling plaintiff to an award of punitive damages.

V.

For the foregoing reasons, the order pursuant to G.S. 1A-1, Rule 12(b)(6), dismissing the prayer for punitive damages and damages for "severe emotional distress and great embarrassment," was proper.

Affirmed.

Judges CLARK and ARNOLD concur.