F. MICKEY ANDREWS v. ROBERT M. ELLIOT

No. 9221DC74

(Filed 2 March 1993)

1. **Libel and Slander § 37 (NCI4th)— defamation per se— allegations sufficient**

The trial court erred in a defamation action by granting defendant's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) where plaintiff alleged that defendant mailed a copy of a letter to the *Winston-Salem Chronicle*, that the letter was seen and read by at least three persons at the *Chronicle*, and set forth the alleged defamatory portions of the letter, including alleged accusations by defendant that plaintiff lied to a reporter, violated the Rules of Professional Conduct, and is guilty of criminal and unethical conduct. Keeping in mind that the issue on a Rule 12(b)(6) motion is whether the claimant is entitled to offer evidence to support the claims, plaintiff adequately alleged the essential elements of a claim for defamation *per se.*

Am Jur 2d, Libel and Slander §§ 9, 435.

2. **Libel and Slander § 24 (NCI4th)— judicial proceeding—letter to newspaper—not privileged**

A complaint alleging slander and libel in a letter to a newspaper did not disclose on its face the affirmative defense of absolute or qualified privilege. Although an attorney in North Carolina is absolutely privileged to publish defamatory matter in communications preliminary to a proposed judicial proceeding, this privilege applies only when the material is relevant to the anticipated litigation and only when it is published to persons significantly interested in the litigation. The complaint discloses that defendant may have a qualified privilege but is sufficient to overcome the defense of qualified privilege at the pleading stage because it alleges that defendant acted with malice.

Am Jur 2d, Libel and Slander §§ 429, 437.

Pleading or raising defense of privilege in defamation action. 51 ALR2d 552.

ANDREWS v. ELLIOT

[109 N.C. App. 271 (1993)]

Appeal by plaintiff from order filed 26 September 1991 in Forsyth County District Court by Judge Margaret L. Sharpe. Heard in the Court of Appeals 5 January 1993.

*F. Mickey Andrews, pro se.*

*Elliott, Pishko, Gelbin & Morgan, P.A., by J. Griffin Morgan, for defendant-appellee.*

GREENE, Judge.

Plaintiff appeals from an order of the trial court filed 26 September 1991, granting defendant's motion to dismiss plaintiff's complaint pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6).

On 28 August 1991, plaintiff, a Winston-Salem attorney, filed a complaint alleging that defendant, a licensed attorney, "maliciously, willfully and wantonly made and published slanderous and libelous statements about the Plaintiff to persons other than the Plaintiff by mailing a copy of a letter to the newspaper, the Winston-Salem Chronicle" which was seen and read by at least three persons who worked at the newspaper. Paragraph seven of plaintiff's complaint provides that the statements in the letter included, but are not limited to, the following:

a. [Defendant's] clients intend to file a complaint against [plaintiff] with the North Carolina State Bar.

b. [Defendant] accused [plaintiff] of misleading the reporter by not informing the reporter of vital facts.

c. [Defendant] accused [plaintiff] of lying to the reporter.

d. [Defendant] says the "State Bar thoroughly investigated the issue" (perjury and unethical conduct by Legal Aid lawyers) at [plaintiff's] request.

e. [Defendant] says [plaintiff] has not produced "a shred of evidence" to support charges of fraud and perjury by Legal Aid lawyers in Court proceedings.

f. [Defendant] accuses [plaintiff] of unethical conduct in talking to a reporter.

g. [Defendant] accuses [plaintiff] of criminal conduct in talking to a reporter.

ANDREWS v. ELLIOT

[109 N.C. App. 271 (1993)]

h. [Defendant] says [plaintiff] has committed libel and slander per se.

i. [Defendant] threatens [plaintiff] (apparently with criminal action and civil suit) if [plaintiff] again communicates with the reporter.

j. [Defendant] says his clients will file a complaint against [plaintiff] (for his talking to the reporter) with the North Carolina State Bar.

k. [Defendant] says [plaintiff] has violated Rule 7.7 and other rules of the Rules of Professional Conduct.

According to plaintiff's complaint, defendant allegedly talked to additional individuals and repeated the aforementioned accusations. Plaintiff further alleges that defendant's statements were false and made with actual malice, tended to subject plaintiff to ridicule, contempt, public hatred, and disgrace and to impeach plaintiff in his profession, and charged offenses on the part of plaintiff involving moral turpitude. According to plaintiff's complaint, plaintiff suffered "nervousness, headaches, anxiety, loss of self esteem and depression and other physical injury for which he received medical treatment" as a direct and proximate cause of defendant's statements, as well as pecuniary losses, mental suffering, humiliation, and embarrassment and injury to his reputation. Plaintiff did not attach the alleged defamatory letter or a copy of it as an exhibit to his complaint.

On 13 September 1991, defendant filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. On 23 September 1991, defendant filed an answer to plaintiff's complaint, in which he denied the allegations in paragraph seven of plaintiff's complaint regarding the statements made by defendant "to the extent that such allegations are literally or contextually inconsistent with defendant's letter." Defendant also asserted in his answer that the letter was written in the performance of defendant's professional duties as attorney for his clients, and was therefore protected by an absolute or qualified privilege. Defendant's motion to dismiss was heard during the 23 September 1991 session of Forsyth County District Court, The Honorable Margaret L. Sharpe presiding. Judge Sharpe granted defendant's motion to dismiss. Nothing in the record indicates that

Judge Sharpe considered anything other than the complaint in ruling on the motion.

---

[1]   The sole issue is whether plaintiff's complaint states a claim upon which relief can be granted against defendant for defamation.

A motion made pursuant to Rule 12(b)(6) tests the legal sufficiency of the plaintiff's complaint. *Renwick v. The News and Observer Publishing Co.*, 310 N.C. 312, 315, 312 S.E.2d 405, 408, *cert denied*, 469 U.S. 858, 83 L. Ed. 2d 121 (1984). Dismissal under Rule 12(b)(6) is proper when on its face the complaint reveals either no law supports the plaintiff's claim or the absence of fact sufficient to make a good claim, or when some fact disclosed in the complaint necessarily defeats the plaintiff's claim. *Johnson v. Bollinger*, 86 N.C. App. 1, 4, 356 S.E.2d 378, 380 (1987) (citation omitted). A plaintiff's complaint should not be dismissed under Rule 12(b)(6) "unless it affirmatively appears plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim." *Id.* (citation omitted).

In North Carolina, publications or statements which are susceptible of but one meaning, when considered alone without innuendo, colloquium, or explanatory circumstances, and that tend to "disgrace and degrade the party or hold him up to public hatred, contempt, or ridicule, or cause him to be shunned and avoided" are defamatory *per se. Flake v. Greensboro News Co.*, 212 N.C. 780, 786, 195 S.E. 55, 60 (1938). To be actionable, a defamatory statement must be false and must be communicated to a person or persons other than the person defamed. *Morrow v. Kings Dep't Stores, Inc.*, 57 N.C. App. 13, 20, 290 S.E.2d 732, 736, *disc. rev. denied*, 306 N.C. 385, 294 S.E.2d 210 (1982). In an action for libel or slander *per se*, "malice and damages are presumed from the fact of publication and no proof is required as to any resulting injury." *Flake*, 212 N.C. at 785, 195 S.E. at 59; *Morrow*, 57 N.C. App. at 20, 290 S.E.2d at 736. The alleged defamatory statement or statements made or published by the defendant need not be set out verbatim in plaintiff's defamation complaint if alleged "substantially *in haec verba*, or with sufficient particularity to enable the court to determine whether the statement was defamatory." *Stutts v. Duke Power Co.*, 47 N.C. App. 76, 83-84, 266 S.E.2d 861, 866 (1980); *accord Morrow*, 57 N.C. App. at 21, 290 S.E.2d at 737.

ANDREWS v. ELLIOT

[109 N.C. App. 271 (1993)]

In the instant case, plaintiff in his complaint alleges that defendant mailed a copy of a letter to the *Winston-Salem Chronicle* and that the letter was "seen and read by at least three persons at the Chronicle," specifically, the publisher, the managing editor, and a reporter. Plaintiff's complaint sets forth the alleged defamatory portions of the letter, including alleged accusations by defendant that plaintiff lied to a reporter, violated the Rules of Professional Conduct, and is guilty of criminal and unethical conduct. Keeping in mind that on a Rule 12(b)(6) motion, " '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims,' " *Johnson*, 86 N.C. App. at 4, 356 S.E.2d at 381 (citation omitted), we conclude that because plaintiff adequately alleged the essential elements of a claim for defamation *per se*, the trial court erroneously granted defendant's motion to dismiss.

[2] In doing so, we reject defendant's contention that plaintiff's complaint on its face discloses in defendant's favor the affirmative defense of absolute or qualified privilege. Although defendant correctly states that in North Carolina an attorney is absolutely privileged to publish defamatory matter in communications preliminary to a proposed judicial proceeding, *see Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 674, 355 S.E.2d 838, 842 (1987), this privilege applies only when the material is relevant to the anticipated litigation and only when it is published to persons significantly interested in the litigation. *Id.* at 675, 355 S.E.2d at 842-43; *see also* 50 Am. Jur. 2d *Libel and Slander* § 283 (1970) (privilege lost if defendant adopts a method of communication which gives unnecessary publicity to statements defamatory of plaintiff); *accord DeVivo v. Ascher*, 550 A.2d 163, 165 (N.J. Super Ct. App. Div. 1988), *cert. denied*, 555 A.2d 607 (N.J. 1989); Vitauts M. Gulbis, Annotation, *Libel and Slander: Attorneys' Statements, To Parties Other Than Alleged Defamed Party Or Its Agents, In Course Of Extrajudicial Investigation Or Preparation Relating To Pending Or Anticipated Civil Litigation As Privileged*, 23 A.L.R.4th 932, 935 (1983). "It is clear, however, that statements given to the newspapers concerning the case are no part of a judicial proceeding, and are not absolutely privileged." W. Page Keeton, *Prosser and Keeton on The Law of Torts* § 114, at 820 (5th ed. 1984). The complaint at issue does disclose that defendant may have a qualified privilege. *See Harris*, 85 N.C. App. at 673, 355 S.E.2d at 842 (qualified privilege exists for communications made in good faith and without actual malice

about a subject in which the communicator has an interest or duty). However, because plaintiff's complaint alleges that defendant "acted with actual malice" in making the alleged defamatory statements, the complaint is sufficient to overcome at the pleading stage the defense of qualified privilege. *Presnell v. Pell*, 298 N.C. 715, 720, 260 S.E.2d 611, 614 (1979).

Reversed and remanded.

Judges JOHNSON and MARTIN concur.