Mary Elizabeth MCGAW, Plaintiff,

v.

BIOVAIL PHARMACEUTICALS,
INC., Defendant.

No. CIV.WDQ–03–1794.

United States District Court,
D. Maryland,
Northern Division.

Feb. 5, 2004.

Matthew B. Ruble, Bethamy N. Beam, Ruble and Weaver PA, Frederick, MD, Edward Patrick McDermott, Law Offices of E. Patrick McDermott LLC, Annapolis, MD, for Plaintiff.

Nicolle Lipper Jacoby, Swidler Berlin Shereff Friedman LLP, New York City, David Ira Ackerman, Jason R. Scherr, Michael L. Spafford, Swidler Berlin Shereff Friedman LLP, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

QUARLES, District Judge.

Mary Elizabeth McGaw has sued her former employer, Biovail Pharmaceuticals, Inc. ("Biovail"), for wrongfully terminating her in retaliation for filing an age and employment discrimination claim with the Equal Employment Opportunity Commission ("EEOC"). Pending is McGaw's motion for leave to file an amended complaint. For the reasons discussed below, McGaw's motion will be denied in part and granted in part.

## ANALYSIS

McGaw claims that during the course of discovery she learned new facts that support a claim for defamation. Pl.'s Mot. for Leave to File Am. Compl. 1. In addition, McGaw discovered additional facts that

purportedly lend support to her existing retaliation claim. *Id.*

■ Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires." The court should grant leave to amend "absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir.2000).

### A. Retaliation Claims

■ Biovail argues that the amendments McGaw proposes to make to her retaliation claims are improper because they are not reasonably related to the EEOC complaint on which her retaliation claim is based. Def.'s Opp. to Mot. for Leave to File Am. Compl. 3–8. In the EEOC complaint on which McGaw's retaliation claim is based, McGaw stated that she believed she was terminated "due to [her] age and gender and in retaliation for filing an EEOC charge against Biovail alleging age and gender discrimination." EEOC Complaint Number 120–2003–023990.

McGaw's complaint alleges that Biovail terminated her in retaliation for filing age and gender discrimination complaints with the EEOC. Compl. ¶¶ 57–62. McGaw proposes to add to her retaliation claims that she "was terminated for complaining about disparate treatment by BioVail due to her age and gender," and that she "was terminated in retaliation for filing internal age and gender complaints with BioVail." Proposed Am. Compl. ¶¶ 55—56, 59—60.

■ "A plaintiff's EEOC charge defines the scope of her subsequent right to a civil suit." *Smith v. First Union Nat'l Bank,* 202 F.3d 234, 247 (4th Cir.2000). (*citing Evans v. Techs. Applications and Serv. Co.,* 80 F.3d 954, 962–63 (4th Cir.1996)). Only if the plaintiff's claims in her judicial complaint are "reasonably related to her EEOC charge and can be expected to fol-low from a reasonable administrative investigation," can the court analyze the merits of the case. *Id. (citing Chisholm v. United States Postal Serv.,* 665 F.2d 482, 491 (4th Cir.1981)).

■ To determine that a judicial complaint is reasonably related to an EEOC complaint, the court must find that the defendant had sufficient notice from the administrative charge of the alleged kinds of discrimination. *Brown v. Walt Disney World Co.,* 805 F.Supp. 1554, 1558 (M.D.Fla.1992) (*citing Jiron v. Sperry Rand Corp. (Sperry–Univac),* 423 F.Supp. 155, 159 (D.Utah 1975)).

McGaw's proposed amendments charge Biovail with retaliating against her for making complaints within the corporation rather than for filing an EEOC complaint. Because the only type of retaliation that McGaw alleged in her EEOC complaint was retaliation in response to her EEOC filing, her retaliation claim must be limited to charging Biovail with retaliation in response to filing the EEOC complaint. Permitting a plaintiff to proceed on discrimination claims not alleged in the initial EEOC complaint " 'would eviscerate the administrative filing requirement altogether' by depriving the employer of adequate notice and resulting in a failure to investigate by the responsible agency." *Evans,* 80 F.3d at 963 (*quoting Conroy v. Boston Edison Co.,* 758 F.Supp. 54, 59–60 (D.Mass.1991)).

Because McGaw's additional retaliation allegations would be futile, her motion for leave to amend the complaint is denied to the extent that she seeks to supplement the existing retaliation claims.

### B. Defamation

■ Biovail argues that McGaw's proposed defamation claim fails to state a claim upon which relief can be granted.

Def.'s Opp. to Mot. for Leave to File Am. Compl. 8–12.

■■ In tort cases, Maryland applies the law of the state where the harm occurred. *Yang v. Lee*, 163 F.Supp.2d 554, 561 (D.Md.2001) (*citing Wells v. Liddy*, 186 F.3d 505, 521 (4th Cir.1999)). In defamation actions the location of the harm is "the place where the defamatory statements were published to third parties." *Id.* (*citing Wells*, 186 F.3d at 521).

■ McGaw alleges that one of her supervisors made defamatory comments about her verbally and via e-mail to other Biovail employees. Proposed Am. Compl. ¶¶ 68–69. Biovail is a North Carolina corporation, having its principal place of business in Morrisville, North Carolina. *Id.* ¶ 3. The defamatory statements made to Biovail employees were, therefore, published in North Carolina and North Carolina law applies.

■ In order to state a claim for defamation in North Carolina, the plaintiff must allege "that the defendant caused injury to the plaintiff by making false, defamatory statements of or concerning the plaintiff, which were published to a third person." *Boyce & Isley, PLLC v. Cooper*, 153 N.C.App. 25, 29, 568 S.E.2d 893 (2002) (*citing Tyson v. L'eggs Products, Inc.*, 84 N.C.App. 1, 10–11, 351 S.E.2d 834 (1987)).

McGaw alleges that her former supervisor made false, defamatory statements to other Biovail employees about her truthfulness and job performance. Proposed Am. Compl. ¶¶ 68–69, 71. McGaw claims that these comments impugned her honesty and integrity, adversely affecting her reputation, and that they led to her termination from Biovail. *Id.* ¶¶ 70, 73.

Although these assertions satisfy North Carolina's defamation pleading requirements, Biovail argues that the claim is futile because the supervisor's remarks

cannot be the basis of a defamation suit inasmuch as she was duty-bound to report suspicions of misconduct to other Biovail supervisors and human resource professionals. Def.'s Opp. to Mot. for Leave to File Am. Compl. 11.

■ A qualified privilege protects defamatory statements when made:

(1) in good faith, (2) on subject matter (a) in which the declarant has an interest or (b) in reference to which the declarant has a right or duty, (3) to a person having a corresponding interest, right, or duty, (4) on a privileged occasion, and (5) in a manner and under circumstances fairly warranted by the occasion and duty, right or interest.

*Barker v. Kimberly–Clark Corp.*, 136 N.C.App. 455, 460, 524 S.E.2d 821 (2000) (*quoting Averitt v. Rozier*, 119 N.C.App. 216, 218, 458 S.E.2d 26 (1995)).

■ The existence of a privilege creates a presumption that the statement was made in good faith and without malice. *Id.* (*citing Phillips v. Winston–Salem/Forsyth County Bd. of Educ.*, 117 N.C.App. 274, 278, 450 S.E.2d 753 (1994)). To rebut the presumption, the plaintiff must show the statement was made with actual malice. *Id.* (*citing Phillips*, 117 N.C.App. at 278, 450 S.E.2d 753). Actual malice may be proved by showing:

evidence of ill-will or personal hostility on the part of the declarant ... or by showing that the declarant published the defamatory statement with knowledge that it was false, with reckless disregard for the truth or with a high degree of awareness of its probable falsity.

*Id.* (*quoting Clark v. Brown*, 99 N.C.App. 255, 263, 393 S.E.2d 134 (1990)).

McGaw's proposed defamation claim alleges that her supervisor "made these statements knowing that they were false, or made them recklessly, without properly

conducting a full investigation into the truth or falsity of these statements." Proposed Am. Compl. ¶ 72.

McGaw's proposed claim alleges each of the elements of defamation under North Carolina law and includes assertions that her supervisor acted with actual malice. Accordingly, McGaw's motion for leave to file an amended complaint will be granted to the extent that she wishes to add a defamation claim.

## CONCLUSION

For the reasons discussed above, McGaw's motion for leave to file an amended complaint is denied in part and granted in part.

## ORDER

For the reasons discussed in the accompanying Memorandum Opinion, it is, this 5th day of February 2004, ORDERED that:

1. The Plaintiff's motion for leave to file an amended complaint BE, and HEREBY IS, DENIED in part and GRANTED in part;

2. The Plaintiff's motion for leave to file an amended complaint is DENIED to the extent that it seeks to add additional retaliation allegations;

3. The Plaintiff's motion for leave to file an amended complaint is GRANTED to the extent that it seeks to add a defamation claim; and

4. The Clerk of the Court send copies of this Memorandum Opinion and Order to counsel for the parties.