KAREN L. EDWARDS, S.F. SANDY HALL, RICHARD D. MARSHALL, OAK ISLAND ACCOMMODATIONS, INC., AND LPD APPRAISAL, INC., Plaintiffs,
v.
JOHN ALAN HOLDEN, d/b/a ALAN HOLDEN REALTY d/b/a REMAX AT THE BEACH, N.C., Defendant.
No. COA07-1454
Court of Appeals of North Carolina
Filed August 5, 2008
This case not for publication
Randolph M. James, P.C., by Randolph M. James, for Plaintiffs-Appellants.
The Del Ré Law Firm, PLLC, by Benedict J. Del Ré, Jr., for Defendant-Appellee.
STEPHENS, Judge.
This case asks us to determine whether the trial court properly granted Defendant's motion to dismiss Plaintiffs' complaint for its failure to state a claim upon which relief may be granted. N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2007). In the complaint, Plaintiffs sought compensatory and punitive damages on the following allegations:
10. On November 9, 2006, Plaintiff [Karen L.] Edwards and [two other parties] filed suit in the Superior Court of Brunswick County, North Carolina in File Number 06 CvS 2169 against several defendants in that action, including . . . Defendant [John Alan] Holden related to the purchase by plaintiffs in that action on December 12, 2005 of certain real property. . . .
. . . .
12. On or about January 29, 2007, Benedict J. Del Ré, Jr., attorney for defendant Holden in the 06 CvS 2169 action, filed a Motion for Summary Judgment. . . .
. . . .
15. On March 26, 2007, the Honorable James F. Ammons, Superior Court Judge presiding, granted plaintiffs' motions with respect to defendant Holden's Motion for Summary Judgment.
16. On April 3, 2007, . . . Defendant Holden published, by facsimile transmission, a Communication to "the entire staff of RE/MAX at the Beach Oak Island" which stated:

Over many years I have thought [Oak Island Accomodations [sic] and all sister companies of same. . . . Karen Edwards and her appraisal business] were worthy of being recommended to provide services to and for our customers and clients. It is with much regret that as of this date until further notice this company shall adhere to a policy of no involvement with the above mentioned companies and their related matters. This does not mean that we violate any professional codes, ethics, laws, etc. It means leave them alone until further notice from me. Ignore them!

They have made false claims and are damaging our reputation for matters we had no knowledge and no involvement. This is being done for financial gain and for no other reason. It's sad for me to have to deal with this in that I thought these people and their companies were our/my friends.
[Signed] Alan (Emphasis added.)
. . . The statements described above were published concerning the Plaintiffs.
17. Plaintiffs are informed and believe that Defendant Holden has, in addition, made oral statements to third persons which allege essentially the same allegations contained in his facsimile transmission of April 3, 2007. The allegations described above were spoken concerning the Plaintiffs.
PLAINTIFFS' FIRST CLAIM FOR RELIEF: LIBEL PER SE

. . . .
19. Defendant Holden's publications via facsimile transmission of the Communication to "the entire staff of RE/MAX at the Beach Oak Island" and, upon information and belief, to other persons, including, but not limited to, independent contractors, described in Paragraph 16 above contained allegations which, when considered alone without innuendo, tended to impeach the Plaintiffs in their trade and/or profession and tended to subject Plaintiffs to ridicule, contempt or disgrace.
20. The libelous contents of Defendant Holden's Communication were false. . . .
. . . .
SECOND CLAIM FOR RELIEF: LIBEL PER QUOD

. . . .
23. . . . Defendant Holden's publications via facsimile transmission of the Communication to "the entire staff of RE/MAX at the Beach Oak Island" and, upon information and belief, to other persons, including, but not limited to, independent contractors, described in Paragraph 16 above contained allegations which, when considered with innuendo, colloquium and/or explanatory circumstances, tended to impeach Plaintiffs in their trade and/or profession and tended to subject Plaintiffs to ridicule, contempt or disgrace.
24. The libelous contents of Defendant Holden's publications were false and Plaintiffs have suffered special damages. . . .
. . . .
THIRD CLAIM FOR RELIEF: SLANDER PER SE

. . . .
27. Plaintiffs are informed and believe and therefore state upon information and belief, that, prior to and subsequent to the facsimile Communications described in Paragraph 16 of Plaintiffs' Complaint, Defendant Holden has published (to persons other than each respective Plaintiff) spoken allegations substantially similar to the allegations contained in the facsimile transmission of April 3, 2007, which, when considered alone without innuendo, are defamatory as to each respective Plaintiff with respect to each Plaintiff's trade, business or profession.
28. The slanderous contents of Defendant Holden's Communications were false and Plaintiffs have suffered damages. . . .
. . . .

FOURTH CLAIM FOR RELIEF: SLANDER PER QUOD

. . . .
31. Plaintiffs are informed and believe and therefore state upon information and belief, that, prior to and subsequent to the facsimile Communications described in Paragraphs 16 and 27 of Plaintiffs' Complaint, Defendant Holden has published (to persons other than each respective Plaintiff) spoken allegations substantially similar to the allegations contained in the facsimile transmission of April 3, 2007, which, when considered . . . only in consequence of extrinsic, explanatory facts showing their injurious effect, are defamatory as to each respective Plaintiff with respect to each Plaintiff's trade, business or profession.
32. The slanderous contents of Defendant Holden's publications described in Paragraphs 16 and 27 of the Plaintiff's Complaint were false and Plaintiffs have suffered special damages. . . .
As the last paragraph in each of these four claims for relief, Plaintiffs alleged:
Upon information and belief, the actions of Defendant Holden in publishing the Communication[s] described in Paragraph[s] 16 [and 27] of Plaintiffs' Complaint was done with actual malice and in an attempt to coerce or "leverage" a settlement or dismissal of their Complaint against Defendant Holden by Plaintiffs . . . in the 06 CvS 2169 case.
Plaintiffs also alleged:
FIFTH CLAIM FOR RELIEF: PUNITIVE DAMAGES
. . . .
35. Upon information and belief, the libelous and slanderous allegations made by Defendant Holden as described in Paragraphs 16 and 27 of Plaintiffs' Complaint were made with actual malice against each of Plaintiffs and/or in conscious and intentional disregard[] of and indifference to the rights of Plaintiffs, which Defendant Holden knew or reasonably should have known was reasonably likely to result in injury, damage or other harm to Plaintiffs.
. . . .
SIXTH CLAIM FOR RELIEF: UNFAIR AND DECEPTIVE TRADE PRACTICES
. . . .
38. Defendant Holden's libelous and slanderous allegations, published to third parties, constitute an unfair or deceptive act or practice, which are in or affect commerce.
39. Defendant Holden's libelous and slanderous allegations proximately caused actual injury to each Plaintiff. . . .
On or about 23 July 2007, Defendant answered the complaint and filed the motion to dismiss. By order entered 30 August 2007, the trial court granted Defendant's motion and dismissed Plaintiffs' complaint. Plaintiffs appeal.
"A motion to dismiss made pursuant to Rule 12(b)(6) tests the legal sufficiency of the pleading against which it is directed." Donovan v. Fiumara, 114 N.C. App. 524, 526, 442 S.E.2d 572, 574 (1994) (citation omitted). In ruling upon such a motion, we determine whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. In ruling upon such a motion, the complaint is to be liberally construed, and the trial court should not dismiss the complaint unless it appears beyond doubt that [the] plaintiff could prove no set of facts in support of his claim which would entitle him to relief.
Meyer v. Walls, 347 N.C. 97, 111-12, 489 S.E.2d 880, 888 (1997) (alteration in original) (quotation marks and citations omitted). "Defamation" encompasses the two separate torts of libel and slander. Generally, libel is written while slander is spoken. Phillips v. Winston-Salem/Forsyth Cty. Bd. of Educ., 117 N.C. App. 274, 450 S.E.2d 753 (1994), disc. review denied, 340 N.C. 115, 456 S.E.2d 318 (1995). "To be actionable, a defamatory statement must be false and must be communicated to a person or persons other than the person defamed." Andrews v. Elliot, 109 N.C. App. 271, 274, 426 S.E.2d 430, 432 (1993) (citation omitted).

1. LIBEL
North Carolina law recognizes three classes of libel:
"(1) publications obviously defamatory which are called libel per se; (2) publications susceptible of two interpretations one of which is defamatory and the other not; and (3) publications not obviously defamatory but when considered with innuendo, colloquium, and explanatory circumstances become libelous, which are termed libels per quod."
Renwick v. News & Observer Publ'g Co., 310 N.C. 312, 316, 312 S.E.2d 405, 408 (quoting Arnold v. Sharpe, 296 N.C. 533, 537, 251 S.E.2d 452, 455 (1978)), reh'g denied, 310 N.C. 749, 315 S.E.2d 704, cert. denied, 469 U.S. 858, 83 L. Ed. 2d 121 (1984).

A. Libel Per Se

Libel per se is a publication which, when considered alone without explanatory circumstances: (1) charges that a person has committed an infamous crime; (2) charges a person with having an infectious disease; (3) tends to impeach a person in that person's trade or profession; or (4) otherwise tends to subject one to ridicule, contempt or disgrace.
Phillips, 117 N.C. App. at 277, 450 S.E.2d at 756 (citing Renwick, 310 N.C. at 317, 312 S.E.2d at 409; Flake v. Greensboro News Co., 212 N.C. 780, 195 S.E. 55 (1938)) . "In determining whether publications are susceptible of only one meaning, and that a defamatory meaning, so as to be libelous per se: `The principle of common sense requires that courts shall understand [publications] as other people would. The question always is how would ordinary men naturally understand the publication. . . .'" Renwick, 310 N.C. at 318, 312 S.E.2d at 409 (quoting Flake, 212 N.C. at 786, 195 S.E. at 60).
Plaintiffs contend that the publication at issue tends to impeach Plaintiffs in their trades or professions and otherwise tends to subject Plaintiffs to ridicule, contempt, or disgrace. We disagree. Considering the publication alone and without explanatory circumstances, and understanding the publication as ordinary people would, we conclude that the publication is not obviously defamatory. The publication does not impeach Plaintiffs in their businesses, as the publication does nothing more than suggest that Plaintiffs have made "false claims" against Defendant and that, "until" the dispute is resolved, Defendant will not refer its clients to Plaintiffs. Badame v. Lampke, 242 N.C. 755, 757, 89 S.E.2d 466, 468 (1955) ("Defamation of this class ordinarily includes charges made by one trader or merchant tending to degrade a rival by charging him with dishonorable conduct in business.") (emphasis added). The publication does not suggest that Plaintiffs' business methods are unscrupulous or "dishonorable[,]" id., and the publication is not "necessarily hurtful in its effect on [Plaintiffs'] business[es]." Id. Nor can we say that the publication is "`of such nature that the court can presume as a matter of law that [it tends] to disgrace and degrade the [plaintiff] or hold him up to public hatred, contempt or ridicule, or cause him to be shunned and avoided.'" Renwick, 310 N.C. at 319, 312 S.E.2d at 410 (quoting Flake, 212 N.C. at 786, 195 S.E. at 60). Accordingly, the publication was not defamatory. Because we reach this conclusion, we need not consider whether Plaintiffs' complaint sufficiently alleged that the publication was false and was published to a third person. Because the publication was not defamatory, the complaint does not state a claim for relief for libel per se.

B. Libel Per Quod

We next determine whether Plaintiffs stated a claim for libel per quod. "`In publications which are libelous per quod the innuendo and special damages must be alleged and proved.'" Renwick, 310 N.C. at 316, 312 S.E.2d at 408 (quoting Flake, 212 N.C. at 785, 195 S.E. at 59). In this case, Plaintiffs failed to allege with required specificity the "innuendo, colloquium, and explanatory circumstances" which render the publication libelous. Id. (quoting Arnold, 296 N.C. at 537, 251 S.E.2d at 455). Plaintiffs merely alleged that the publication, "when considered with innuendo, colloquium and/or explanatory circumstances, tended to" defame Plaintiffs. Plaintiffs did not set forth any "extrinsic facts known" to the publication's alleged recipients which render the publication defamatory. David A. Logan & Wayne A. Logan, North Carolina Torts § 23.20, at 570 (2nd ed. 2004). Nor does the complaint contain any facts giving rise to special damages sufficient to inform Defendant of the scope of Plaintiffs' demand. N.C. Gen. Stat. § 1A-1, Rule 9(g) (2007). The complaint merely alleges that Plaintiffs "suffered special damages[.]" We conclude that the complaint does not state a claim for relief for libel per quod.

2. SLANDER
Slander is commonly defined as the speaking of base or defamatory words which tend to prejudice another in his reputation, office, trade, business, or means of livelihood. Slander, as distinguished from libel, may be actionable per se or only per quod. That is, the false remarks in themselves (per se) may form the basis of an action for damages, in which case both malice and damage are, as a matter of law, presumed; or the false utterance may be such as to sustain an action only when causing some special damage (per quod), in which case both the malice and the special damage must be alleged and proved.
Beane v. Weiman Co., 5 N.C. App. 276, 277, 168 S.E.2d 236, 237 (1969) (quotation marks and citations omitted).

A. Slander Per Se

In the context of slander per se, a statement is defamatory if it "amounts to (1) an accusation that the plaintiff committed a crime involving moral turpitude; (2) an allegation that impeaches the plaintiff in his trade, business, or profession; or (3) an imputation that the plaintiff has a loathsome disease." Phillips, 117 N.C. App. at 277, 450 S.E.2d at 756 (citations omitted). Plaintiffs alleged that Defendant spoke false, defamatory remarks, "substantially similar" to the allegations contained in the fax before and after the transmission of the fax to persons other than Defendant. As discussed above, however, the statements contained in the fax are not defamatory. Thus, for the reasons stated above, the complaint does not state a claim for relief for slander per se.

2. Slander Per Quod

Slander per quod involves a spoken statement the harmful character of which does not appear on its face as a matter of general acceptance, but rather becomes clear "only in consequence of extrinsic, explanatory facts showing its injurious effect[.]" Donovan, 114 N.C. App. at 527, 442 S.E.2d at 574 (quotation marks and citation omitted). In such cases, "the injurious character of the words and some special damage must be pleaded and proved." Beane, 5 N.C. App. at 278, 168 S.E.2d at 238 (citations omitted).
Again, as with Plaintiffs' claim for libel per quod, Plaintiffs failed to allege with required specificity either the "extrinsic, explanatory facts" showing the communication's injurious effect or the facts giving rise to special damages. Plaintiffs merely alleged: (1) that Defendant made "spoken allegations substantially similar to the allegations contained in the [fax] which, when considered only in consequence of extrinsic, explanatory facts showing their injurious effect, are defamatory[,]" and (2) that Plaintiffs suffered "special damages[.]" These allegations are insufficient to set forth a claim for slander per quod.
Because we hold that Defendant's alleged statements did not constitute actionable defamation, it follows that Plaintiffs' fifth and sixth claims for relief, punitive damages and unfair trade practices based on the alleged defamation, are without legal foundation. As such, we need not address Plaintiffs' two remaining arguments on appeal regarding the trial court's decision to dismiss these claims.
Plaintiffs' complaint failed to state a claim upon which relief can be granted. Defendant's motion to dismiss the complaint was properly granted.
AFFIRMED.
Judges HUNTER and STEELMAN concur.
Report per Rule 30(e).