Yates v. Brown, 2012 NCBC 22.

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF WAKE                         11 CVS 14997

| | |
|---|---|
| DAVID M. YATES and KSPL, LLC, )<br>          Plaintiffs     )<br>                       )<br>       v.              )<br>                       )<br>WALTER L. BROWN, III and RENEWABLE )<br>FIBERS, LLC,               )<br>          Defendants     ) | **OPINION AND ORDER ON<br>MOTION TO DISMISS** |

THIS CAUSE, designated a mandatory complex business case by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b) (hereinafter, references to the North Carolina General Statutes will be to "G.S."), and assigned to the undersigned Chief Special Superior Court Judge for Complex Business Cases, comes before the court upon Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (the "Motion"); and

THE COURT, after reviewing the Motion, briefs in support of and in opposition to the Motion, other submissions of counsel and appropriate matters of record, CONCLUDES that the Motion should be GRANTED in part and DENIED in part, as reflected below.

> *Maginnis Law, PLLC, by Edward H. Maginnis, Esq. and T. Shawn Howard, Esq. for Plaintiffs.*

> *Ward and Smith, PA, by Gary Rickner, Esq. and Joseph A. Schouten, Esq. for Defendants.*

Jolly, Judge.

PROCEDURAL HISTORY

[1] On September 30, 2011, Plaintiffs David M. Yates ("Yates") and KSPL, LLC ("KSPL") filed a Complaint against Defendants Walter L. Brown, III ("Brown") and Renewable Fibers, LLC ("Renewable Fibers").

[2] In the Complaint, Plaintiffs allege the following eight (8) causes of action ("Claim(s)"): First Claim (Tortious Interference with Prospective Economic Advantage – As to Brown); Second Claim (Unfair and Deceptive Trade Practices – As to Brown); Third Claim (Constructive Fraud – As to Brown); Fourth Claim (Breach of Fiduciary Duty – As to Brown); Fifth Claim (Slander – As to Brown); Sixth Claim (Tortious Interference with Prospective Economic Advantage – As to Renewable Fibers); Seventh Claim (Unfair and Deceptive Trade Practices – As to Renewable Fibers) and Eighth Claim (Dissolution Pursuant to G.S. 57C-6-02). Plaintiffs seek compensatory damages, treble damages and attorney fees.

[3] On December 5, 2011, Defendants filed the Motion, seeking dismissal of Plaintiffs' Third, Fourth, Fifth and Eighth Claims pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)").

[4] On February 6, 2012, the court heard oral argument on the Motion, which is ripe for determination.

FACTUAL BACKGROUND

Among other things, the Complaint alleges that:

[5] On or about May 2, 2007, Yates and Paul Skillicorn ("Skillicorn") incorporated Renewable Fibers for the development and use of Kenaf as a catalyst in

activated sludge wastewater treatment facilities.[1]  On or about March 11, 2008, Skillicorn organized Biotechnology Research and Development, LLC ("BRD") for the development and use of Kenaf, Duckweed and *Arundo Donax*.[2]  BRD is a parent company for three (3) separate subsidiaries (one each for Kenaf, Duckweed and *Arundo Donax*).[3]

[6]     On or about April 2008, Renewable Fibers was converted to a limited liability company.[4]  Shortly thereafter, Renewable Fibers was made a wholly-owned subsidiary of BRD and became the Kenaf division of BRD.[5]

[7]     Renewable Fibers became fully operational in the spring of 2009, and around the same time, Yates was named President and Chief Operating Officer ("COO"), and Skillicorn was named Chief Executive Officer ("CEO") of Renewable Fibers.[6]

[8]     Sometime in 2009, Brown became an investment consultant for Renewable Fibers.[7]  Yates and Skillicorn hired Brown and made him lead salesperson.[8]  In 2010, Brown became the new CEO of Renewable Fibers, replacing Skillicorn, who previously held that position.[9]

[9]     Yates owned a minority interest in both BRD and Renewable Fibers.[10]  He served on the Board of Directors of Renewable Fibers.[11]

---

[1] Compl. ¶ 7.
[2] *Id.* ¶ 8.  The court understands that Duckweed and *Arundo Donax* are used, like Kenaf, in wastewater treatment facilities.
[3] *Id.*
[4] *Id.* ¶ 9.
[5] *Id.* ¶ 10.
[6] *Id.* ¶¶ 11-12.
[7] *Id.* ¶ 13.
[8] *Id.*
[9] *Id.* ¶ 17.
[10] *Id.* ¶ 18.

[10]    By 2011, Brown began encroaching on Yates' duties at Renewable Fibers.[12]  For instance, in his position as COO, Yates entered into a contract with Eric Pierce ("Pierce") to grow and harvest Kenaf for Renewable Fibers.[13]  In March 2011, Brown asked Pierce to take over the manufacturing of Kenaf as an independent contractor of Renewable Fibers, which essentially stripped Yates of his responsibilities as an employee of Renewable Fibers.[14]

[11]    On March 30, 2011, Brown fired Yates and became the sole employee of Renewable Fibers.[15]

[12]    After losing his job, Yates organized a new company, KSPL.[16]  KSPL manufactured Kenaf harvested by Pierce and sold it to Renewable Fibers.[17]  Brown, however, told Pierce he could not use Yates and KSPL as a manufacturer.[18]

[13]    Yates contends that his ownership interests in BRD and Renewable Fibers are now valueless because Brown's conduct has not been in the best interest of Renewable Fibers, consequently causing injury to the company.[19]

[14]    Yates also alleges that Brown impeached Yates in his profession by telling members of Renewable Fibers and BRD that Yates was untrustworthy, that he set "traps" for people and that he held the company back.[20]

---

[11] *Id.*
[12] *Id.* ¶¶ 22-23.
[13] *Id.* ¶ 20.
[14] *Id.* ¶ 25.
[15] *Id.* ¶ 26.
[16] *Id.* ¶ 27.
[17] *Id.*
[18] *Id.*
[19] *Id.* ¶¶ 31, 34, 37.
[20] *Id.* ¶ 57.

DISCUSSION

[15]    When deciding a Rule 12(b)(6) motion, the well-pleaded allegations of the complaint are taken as true and admitted, but conclusions of law or unwarranted deductions of facts are not admitted.  *Sutton v. Duke*, 277 N.C. 94, 98 (1970).

[16]    A complaint fails to state a claim upon which relief can be granted when either (a) the complaint on its face reveals that no law supports the plaintiff's claim; (b) the complaint on its face reveals the absence of facts sufficient to make a good claim or (c) some fact disclosed in the complaint necessarily defeats the plaintiff's claim. *Jackson v. Bumgardner*, 318 N.C. 172, 175 (1986).  However, a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it (a) does not give sufficient notice to the defendant of the nature and basis of the plaintiff's claim or (b) appears beyond a reasonable doubt that the plaintiff could not prove any set of facts in support of his claim that would entitle him to relief.  *Sutton,* 277 N.C. at 102.

### Fourth Claim – Breach of Fiduciary Duty (As to Brown)[21]

[17]    Plaintiffs allege that a fiduciary relationship existed in law and fact between Yates and Brown in that Brown was the CEO of Renewable Fibers, and Yates was a minority shareholder.  Plaintiffs allege that Brown took advantage of his position of trust to the detriment of Yates in that, among other things, he had Yates terminated with the sole purpose of increasing his own compensation and benefits from the company and then maliciously and wrongfully interfered with Yates' right to act as a subcontractor with an independent contractor of Renewable Fibers.

---

[21] The court elects to discuss this Claim out of turn because the Third Claim (Constructive Fraud) is derivative of the Fourth Claim (Breach of Fiduciary Duty).

[18]     Defendants contend that Plaintiffs have failed to allege sufficiently that Brown owed a fiduciary duty to Yates.

[19]     "As a general rule, shareholders do not owe a fiduciary duty to each other or to the corporation." *Freese v. Smith,* 110 N.C. App. 28, 37 (1993) (citation omitted). However, an exception exists where "a controlling shareholder owes a fiduciary duty to minority shareholders." *Kaplan v. O.K. Techs., L.L.C.*, 196 N.C. App. 469, 473 (2009). Nevertheless, a minority shareholder does not owe a fiduciary duty to another minority shareholder. *See Kaplan*, 196 N.C. App. at 473.  For instance, in *Kaplan*, the plaintiff contended that the defendant owed a fiduciary duty to him as a minority shareholder because the defendant owned a "minority interest in [the company] coupled with his control over the company's finances and operations." *Id.*  The Court of Appeals rejected this argument, recognizing that the defendant only held a forty-one and one-half percent (41.5%) interest in the company and therefore was a minority shareholder with no fiduciary duty to the other members. *Id.*

[20]     Even though Brown is a minority shareholder, Plaintiffs contend that Brown owed a fiduciary duty to Yates.  Plaintiffs cite to *Norman v. Nash Johnson & Sons' Farms, Inc.*, 140 N.C. App. 390, 407 (2000), for the proposition that Brown's influence over a majority of Renewable Fibers' shares gives rise to a fiduciary relationship, despite the fact that Brown is only a minority shareholder.  However, *Norman* does not stand for such proposition.  The Court in *Norman* held that "[i]t is the fact of control of the common property held and exercised, and not the particular means by which or manner in which the control is exercised, that creates the fiduciary obligation on the part of the majority stockholders in a corporation for the minority

holders." *Id.* Plaintiffs correctly note the importance of the manner in which control is exercised over shares. However, the Court in *Norman* analyzed the importance of such control in the context of fiduciary relationships between majority and minority shareholders. Thus, Plaintiffs' reliance on *Norman* in this case is misplaced because both Yates and Brown are minority shareholders. Plaintiffs do not cite, nor can the court find, any other controlling case law in support of the argument that a minority shareholder owes a fiduciary duty to another minority shareholder under the circumstances of this case.

[21]    As such, with respect to this Fourth Claim, the court CONCLUDES that Plaintiffs have failed to state sufficiently a claim for breach of fiduciary duty against Brown under the standard articulated by Rule 12(b)(6) and *Sutton*. Defendants' Motion therefore should be GRANTED with respect to the Fourth Claim, and it should be DISMISSED.[22]

Third Claim – Constructive Fraud (As to Brown)

[22]    Plaintiffs allege that Brown took advantage of his position of trust to the detriment of Yates by actions that Plaintiffs contend constitute constructive fraud. The allegations of Plaintiffs' Third Claim (Constructive Fraud) are substantially the same as those of Plaintiffs' Fourth Claim (Breach of Fiduciary Duty).

---

[22] In opposition to the Motion, Plaintiffs also argue that Brown violated his fiduciary obligations by taking actions that caused damage to Renewable Fibers and all its members. Pls. Opp'n Defs. Partial Mot. Dismiss 7. However, such a claim (a) has not been specifically alleged in the Complaint and (b) would be derivative. In the absence of specific allegations showing an exception to the well-settled limitations on the filing of derivative claims by individual shareholders or members, articulated in *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 658 (1997), neither Plaintiff would have standing to allege such claims. *See also Dawson v. Atlanta Design Assocs., Inc.*, 144 N.C. App. 716, 719, n.1 (2001) (applying the *Barger* "special duty" rule to members of limited liability companies); *Energy Investors Fund, L.P. v. Metric Constructors, Inc.*, 351 N.C. 331, 335 (2000) ("Generally, shareholders of a corporation or members of a company 'cannot pursue individual causes of action against third parties for wrongs or injuries to the [corporation or company] that result in the diminution or destruction of the value of their stock [or membership interest].'") (citation omitted). No such exceptions are alleged here, and the court does not consider Plaintiffs' argument in this regard.

[23]     Defendants argue that the Third Claim is subject to dismissal because Plaintiffs have failed to identify that Brown owed a fiduciary duty to Yates, which under the circumstances alleged in this matter is required to support a claim for constructive fraud. *Fakhoury v. Fakhoury*, 171 N.C. App. 104, 110 (2005) (citation omitted) (holding that a claim for constructive fraud requires a plaintiff to show (a) the existence of a fiduciary duty and (b) a breach of that fiduciary duty).

[24]     For the reasons stated above, Plaintiffs' Fourth Claim, for breach of a fiduciary duty allegedly owed by Brown to Yates, is not supportable in this action. Consequently, Plaintiffs' Claim for constructive fraud likewise fails.

[25]     Accordingly, with regard to this Third Claim, the court CONCLUDES that this Claim is deficient as a matter of law.  Defendants' Motion therefore should be GRANTED with respect to the Third Claim, and it should be DISMISSED.

<u>Fifth Claim – Slander (As to Brown)</u>

[26]     Plaintiffs allege Brown caused injury to Yates' reputation by making false, defamatory statements to third persons that impeached Yates in his trade or profession. Specifically, Plaintiffs contend that Brown made statements to the members of Renewable Fibers and BRD to the effect that Yates was untrustworthy, set "traps" for people and held the company back.  Plaintiffs allege that such statements resulted in Yates being terminated from his employment.

[27]     Defendants contend Brown's alleged statements are vague assertions of opinion, which cannot form the basis of a slander claim.

[28]     In the context of this action, "[s]lander *per se* is 'an oral communication to a third party which amounts to . . . an allegation that impeaches the plaintiff in his trade,

business, or profession . . . .'" *Boyce & Isley, PLLC v. Cooper*, 153 N.C. App. 25, 29-30 (2002) (quoting *Phillips v. Winston-Salem/Forsyth County Bd. of Educ.*, 117 N.C. App. 274, 277 (1994)). To be actionable as slander, the statement must be false and communicated to third person. *Andrews v. Elliot*, 109 N.C. App. 271, 274 (1993). For instance, "alleged false statements made by defendants, calling plaintiff 'dishonest' or charging that plaintiff was untruthful and an unreliable employee, are not actionable *per se*." *Tallent v. Blake*, 57 N.C. App. 249, 253 (1982) (quoting *Stutts v. Duke Power Co.*, 47 N.C. App. 76, 82 (1980)). "If a statement cannot reasonably [be] interpreted as stating actual facts about an individual[,] it cannot be the subject of a defamation suit." *Daniels v. Metro Magazine Holding Co., L.L.C.*, 179 N.C. App. 533, 539 (2006) (citations omitted). However, a false statement that touches a person's trade or business, and which "contain[s] an imputation necessarily hurtful in its effect on his business" is actionable *per se*. *Badame v. Lampke*, 242 N.C. 755, 757 (1955).

[29]    In the instant case, Brown's statement that Yates was "untrustworthy" is similar to calling him unreliable. Standing alone, such language would not be actionable. *Tallent*, 57 N.C. App. at 253. However, when coupled with the alleged statements to fellow corporate members that Yates was untrustworthy, "set traps" for people in the business and was "holding the company back," the court is not able to say as a matter of law that the allegations of this Fifth Claim fail to meet the standard articulated by Rule 12(b)(6) and *Sutton*. Consequently, Defendants' Motion should be DENIED with respect to the Fifth Claim.[23]

---

[23] This Claim can be more thoroughly tested at a later time under Rule 56.

## Eighth Claim – Dissolution of BRD

[30]     Plaintiffs allege that dissolution of Renewable Fibers and BRD is reasonably necessary for the protection of the rights and interests of Yates.

[31]     Defendants, however, correctly contend that BRD must be a party to any action seeking to dissolve it.  Thus, Defendants argue that Plaintiffs should be required to cure this defect and join BRD as a party to this action.

[32]     In their memorandum opposing the Motion, Plaintiffs concede that BRD is a necessary party to their Eighth Claim, and they state that they will "take such steps as necessary to add BRD to this matter."[24]  However, Plaintiffs to date have taken no independent action seeking to add BRD as a party.  In fact, at the February 6, 2012 hearing on the Motion, the court instructed counsel for Plaintiffs that they must present a formal motion to join BRD as a party Defendant to this matter, and counsel indicated that they would do so.  Over two (2) months have passed, and the court has no record of any joinder motion filed by Plaintiffs.  Consequently, the court is forced to conclude that Plaintiffs have chosen to abandon this Eighth Claim.

[33]     Accordingly, with regard to this Eighth Claim, the court CONCLUDES that this Claim is deficient as a matter of law for failure to join a necessary party. Defendants' Motion therefore should be GRANTED with respect to the Eighth Claim, and it should be DISMISSED.

NOW THEREFORE, it hereby is ORDERED:

[32]     With regard to Plaintiffs' Third, Fourth and Eighth Claims, Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) is GRANTED, and said Claims are DISMISSED.

---

[24] Pls. Opp'n Defs. Partial Mot. Dismiss 9.

[33]    With regard to Plaintiffs' Fourth Claim, Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) is DENIED.

This the 13th day of April, 2012.